BUITRAGO, DEMANDANTE Y APELADO, *v.* ASAMBLEA MUNICIPAL DE GUAYAMA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en un recurso de *certiorari.*

No. 2854.—Resuelto en marzo 6, 1923.

ASAMBLEAS MUNICIPALES — PARTE DEMANDADA — EMPLAZAMIENTO DE LA ASAMBLEA—JURISDICCIÓN.—En el recurso de *certiorari* que autoriza la sección 65 de la Ley Municipal vigente una asamblea municipal tiene capacidad para ser demandada como tal y una vez emplazada en la persona de su presidente queda sometida a la jurisdicción de la corte.

Concejo de Administración—Facultad Exclusiva del Concejo de Adminis-
tración.—La facultad para disponer que determinado departamento del go-
bierno municipal se haga cargo de cualquier servicio de la administración
que no se hubiese asignado por la ley, reside en el concejo de administra-
ción y no en la asamblea municipal.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Tous Soto & Pérez Mar-
chand.*

Abogados del apelado: *Sres. R. Cintrón Lastra y M. A.
Martínez.*

El Juez Presidente Sr. del Toro, emitió la opinión del
tribunal.

Alejandro Buitrago, en su carácter de Comisionado de
servicio público, policía y prisiones del Municipio de Gua-
yama, interpuso un recurso de *certiorari* contra la Asamblea
Municipal, en la corte de distrito, solicitando la declaración
de nulidad de cierta resolución de la asamblea. Vióse el
caso, la corte estudió cuidadosamente todas las cuestiones
planteadas y lo decidió finalmente en favor del peticionario.
La Asamblea interpuso entonces el presente recurso de ape-
lación.

En la Corte de Distrito la Asamblea alegó la falta
de jurisdicción de la corte, por entender que no era "una
entidad jurídica con capacidad para demandar y ser de-
mandada en forma corporativa, según la ley, y no es empla-
zable por su Presidente." La excepción fué declarada sin
lugar, con razón a nuestro juicio. El recurso ejercitado lo
autoriza expresamente el artículo 65 de la Ley Municipal vi-
gente. El propósito del mismo fué la anulación de una re-
solución de la asamblea. La asamblea como tal era, pues,
el propio demandado, y tratándose de una entidad compuesta
de diferentes personas que actúan como cuerpo bajo la pre-
sidencia de una de ellas, fué debidamente emplazada en la
persona de su presidente.

La parte apelante no discute esta cuestión en su alegato.

Concentra toda su argumentación en tratar de demostrar el poder que a su juicio tuvo para actuar en la forma en que lo hizo.

La resolución impugnada, en lo pertinente, dice así: ·

"Por tanto, *resuélvase por la Hon. Asamblea Municipal de Guayama, P. R.*

"Sección 1.—El Comisionado Municipal de Beneficencia, además de las facultades que le confiere la Ley Municipal en su artículo 31 se le conceden además por virtud de la presente Resolución las que más adelante se expresan:

"1. Tendrá a su cargo los hospitales municipales.

"2. Farmacia Municipal.

"3. Matadero Municipal.

"4. Cementerio Civil.

"5 Cuadra Municipal.

"Sección 2.—Toda ordenanza o resolución que se oponga a la presente queda y es por ésta derogada."

Uno de los motivos de impugnación, el que sirvió de base a la sentencia apelada, fué el siguiente:

"Porque la Asamblea Municipal no tiene facultades ni poderes para dictar tal Resolución y sí el Concejo de Administración, según dispone la propia ley."

El artículo 29 de la Ley Municipal determina cómo se compondrá el concejo de administración, expresa cuáles son las facultades y deberes del comisionado de servicio público, policía y prisiones, terminando así:

"Y además tendrá a su cargo todos los servicios de la administración municipal que no se hubieren asignado por esta ley o por acuerdo del concejo de Administración a algún otro departamento del gobierno municipal."

Invoca la parte apelante las facultades generales conferidas por la ley a la Asamblea municipal y la especial que tiene para consolidar departamentos, para sostener que no obstante los términos expresos de la sección 29 de la ley,

concurrentemente con el legislador insular y con el concejo de administración, puede asignar determinados servicios a cualquier departamento.

No estamos conformes. De los términos expresos de la ley se deduce claramente que la intención de la Legislatura, como sostiene el juez sentenciador, "fué conferir al Concejo de administración, como facultad privativa, la de acordar que cualquier departamento del gobierno municipal se haga cargo de cualquier servicio de la administración municipal que no se hubiere asignado por la ley."

La consolidación de departamentos envuelve una resolución total propia para la asamblea de acuerdo con las condiciones de cada municipio; tales como su extensión territorial, el número de sus habitantes, el trabajo existente, los recursos materiales con que cuente. El trabajo ejecutivo está asignado a los miembros del concejo. La legislatura fijó cierta esfera de acción a cada uno, dejando al comisionado de servicio público, policía y prisiones la dirección inmediata de todo lo que no se hubiera especialmente asignado, pero sabia y previsoramente decretó que cuando a juicio de los comisionados, actuando como cuerpo, en el concejo, debiera asignarse algún otro servicio, de los no asignados por la legislatura, a algún departamento, tuvieran facultad para así resolverlo. Se trata de algo de orden interior en lo que parece lógico que actuara solamente el propio concejo y no la asamblea.

Por virtud de lo expuesto, opinamos que debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.